## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **LEONARDO GUILLEN-CATOTA,** | § | |
| **Petitioner,** | § | |
| | § | |
| | § | |
| **v.** | § | **EP-25-CV-00720-DB** |
| | § | |
| **KRISTI NOEM,** *Secretary of the United* | § | |
| *States Department of Homeland Security, et* | § | |
| *al.,* | § | |
| **Respondents.** | § | |

## ORDER

On this day, the Court considered Petitioner Leonardo Guillen-Catota's "Emergency Motion to Enjoin Removal and Enforce Automatic Stay" ("Motion"), ECF No. 14. Therein, Petitioner moves the Court to: (1) "[o]rder Respondents to immediately cease any efforts to remove Petitioner from the United States;" (2) "[i]ssue a Temporary Restraining Order enjoining Respondents from effectuating Petitioner's removal during the pendency of the appeal period and any properly filed appeal;" and (3) "[o]rder Respondents to immediately confirm Petitioner's location and removal status[.]" ECF No. 14 at 5. Because Petitioner's requested relief falls outside the scope of what would be appropriate under Federal Rule of Civil Procedure 65(b),[1] and Petitioner did not move for a preliminary injunction under Rule 65(a), the Court construes the Motion as a motion to enforce the stay of removal issued by this Court on December 22, 2025, in ECF No. 3.

This Court's "Order," ECF No. 3, prohibits Respondents from removing or deporting Petitioner from the United States "until the Court orders otherwise or this case is closed." To date,

---

[1] *See* FED. R. CIV. P. 65(b)(2) (stating a temporary restraining order should expire "at the time after entry—*not to exceed 14 days*—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension") (emphasis added).

Respondents have not sought to lift or dissolve this Court's order. Thus, because the Court's order remains in effect, Petitioner's Motion is granted.[2]

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's "Emergency Motion to Enjoin Removal and Enforce Automatic Stay," ECF No. 14, is hereby **GRANTED IN PART.**

**IT IS FURTHER ORDERED** that Respondents, including their officers, agents, servants, employees, and all persons acting in concert with them, are **ENJOINED** from removing Petitioner Leonardo Guillen-Catota from the United States as ordered by this Court in its December 22, 2025, Order, ECF No. 3.[3]

**IT IS FURTHER ORDERED** that Respondents shall immediately **CEASE** any efforts to effectuate Petitioner's removal.

**IT IS FINALLY ORDERED** Respondents **SHALL FILE** a notice confirming Petitioner's current location, custodial status, and whether any removal has been scheduled or attempted **no later than April 15, 2026**.

**SIGNED** this **14th** day of **April 2026**.

THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The Court also notes that, pursuant to 8 C.F.R. § 1003.6, Petitioner's removal order is automatically stayed during the time allowed for filing an appeal with the Board of Immigration Appeals ("BIA").

[3] Should Respondents believe good cause exists to lift the stay of removal issued by this Court on December 22, 2025, in ECF No. 3, they shall file the appropriate motion.