**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **LEONARDO GUILLEN-CATOTA,**<br>**Petitioner,** | §<br>§<br>§ | |
| **v.** | § | **EP-25-CV-00720-DB** |
| **KRISTI NOEM,** *Secretary of the United States Department of Homeland Security, et al.*,<br>**Respondents.** | §<br>§<br>§<br>§<br>§ | |

**ORDER**

On this day, the Court considered Petitioner Leonardo Guillen-Catota's ("Petitioner") "Third Amended Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief 28 U.S.C. § 2241" ("Amended Petition"), ECF No. 11, filed on February 10, 2026. On February 17, 2026, Respondents filed their response. *See* ECF No. 12.

Petitioner is a native and citizen of El Salvador. ECF No. 11 at 3. It is unclear from the Petition on what date Petitioner entered the United States.[1] *See id.* at 3, 6. Nevertheless, it is readily apparent that Petitioner entered the country without inspection, *see id.* at 6, and was first encountered by immigration officials on August 6, 2025. ECF No. 4 at 2. Petitioner has remained detained since that date. *Id.* On September 5, 2025, Petitioner was provided with a bond hearing before an Immigration Judge ("IJ"). *See* ECF No. 2-1. During the hearing, the IJ denied bond, finding Petitioner presented a flight risk. ECF No. 2-1 at 2. Thereafter, Petitioner filed a second bond request, which was denied on December 15, 2025, because the IJ determined that no new or previously unavailable facts or evidence presented would change his previous determination. ECF No. 12 at 1. On April 10, 2026, Petitioner was ordered removed to El Salvador. ECF No.

[1] In his Amended Petition, Petitioner lists two different dates of entry—November 11, 2016, and March 26, 2021. *See* ECF No. 11 at 3, 6. For purposes of the Court's analysis, however, Petitioner's entry date is inconsequential.

22-4 at 4, 6. Petitioner timely appealed that decision to the Board of Immigration Appeals, where it remains pending. ECF No. 23 at 1.

Petitioner has now been held in pre-final order custody for over fifteen months. In his Amended Petition, Petitioner asserts that his detention "without a meaningful, individualized determination that continued detention is necessary to serve a legitimate governmental purpose, and without any realistic opportunity to secure release through constitutionally adequate procedures" violates due process. ECF No. 11 at 2. He further asserts that the bond hearing held on September 5, 2025, was "fundamentally defective." ECF No. 11 at 9. On August 21, 2026, the Court issued an order for supplemental briefing on the issue of prolonged detention. *See* ECF No. 21. Both Petitioner and Respondents submitted briefing thereto. *See* ECF Nos. 22, 23.

Pursuant to 8 U.S.C. § 1225, noncitizens who are present in the United States without having been admitted or paroled, are considered "applicants for admission" and are subject to mandatory detention for the duration of their removal proceedings. 8 U.S.C. §§ 1225(a)(1), (b)(2)(A); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502 (5th Cir. 2026). The mandatory detention provision—8 U.S.C. § 1225(b)(2)(A)—applies to noncitizens regardless of whether they are detained at the border or in the interior of the United States. *Buenrostro-Mendez*, 166 F.4th at 504. And neither the fact nor length of detention without a bond hearing constitutes a due process violation, "[s]o long as [the noncitizen]'s detention pending removal ha[s] a definite termination point—removal or release." *Sosnava Rodriguez*, 2026 WL 3181188, at *13–14 (citations and internal quotation marks omitted). However, "an issue may arise if the Government continues to detain an alien after it becomes clear that removal is only a remote possibility," or the Government delays removal as "as a means of punishment." *Id.* at *13.

Petitioner concedes he entered the United States without having been admitted or paroled. *See* ECF No. 11 at 6. Thus, he is properly categorized as an "applicant for admission" within the meaning of 8 U.S.C. § 1225. There is also no indication that Petitioner's removal is not a viable prospect or that Petitioner is being detained for an improper punitive purpose. *See* ECF No. 23 at 1–2 (stating that once Petitioner's order of removal becomes administratively final, "he will be removed as expeditiously as possible, ending his detention."). Accordingly, the Court finds Petitioner's detention has not become impermissibly prolonged pursuant to the standard articulated by the Fifth Circuit in *Sosnava Rodriguez*, 2026 WL 3181188, at *13.

To the extent Petitioner challenges his underlying bond proceedings as constitutionally deficient, that challenge is foreclosed by the Fifth Circuit's holding that applicants for admission have no due process right "entitl[ing] them to a bond hearing to assess dangerousness or flight risk . . . ." *Id.* at *14. Because Petitioner has no constitutional right to a bond hearing, he cannot establish a due process violation based on its alleged inadequacy. Therefore, Count II of the Amended Petition must be dismissed.

Accordingly, **IT IS HEREBY ORDERED** Petitioner's "Third Amended Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief 28 U.S.C. § 2241," ECF No. 11, is **DENIED**, and all claims are **DISMISSED**. This dismissal is without prejudice to Petitioner's ability to seek habeas relief if any new claims accrue under *Sosnava Rodriguez* or *Zadvydas v. Davis*, 533 U.S. 678 (2001), and without prejudice to Petitioner's ability to assert any non-habeas claims in a separate civil lawsuit.

**IT IS FURTHER ORDERED** that all pending motions in this case are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the District Clerk's Office **SHALL MAIL** a copy of the instant Order to Petitioner at the El Paso Processing Center, 8915 Montana Ave, El Paso, Texas 79925.

**SIGNED this 19th day of November, 2026.**

**For THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**